**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL JAMES BATES

      Petitioner,                      CASE NO. 07-CV-11418
v.                                 HONORABLE GERALD E. ROSEN
                                     UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

      Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Michael James Bates, ("petitioner"), presently confined at the Straits Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, M.C.L.A. 750.83, first-degree home invasion, M.C.L.A. 750.110a(2); and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Saginaw County Circuit Court, arising from an incident which took place on December 23, 2001.

Petitioner had been married to the victim for nine years and the couple had three children. Prior to the incident which lead to petitioner's conviction, the victim had separated from petitioner and had taken their children to go live with petitioner's sister at

1

her apartment.  Petitioner had fractured the victim's arm two weeks before the incident leading up to his conviction and she had been granted a personal protection order (P.P.O.) against him.

The victim testified that on December 23, 2001, petitioner broke into his sister's apartment by climbing through a window.  Petitioner was carrying a gun at the time. Petitioner pointed the gun at the victim and threatened to kill her.  The victim tried to escape but petitioner grabbed her and brought her back inside the apartment. Petitioner began to choke the victim and she passed out.  Petitioner then took the victim to the computer room and ordered her to lie on the bed and not to move.  Petitioner advised the victim he was going to kill her and then kill himself.  The victim asked petitioner to allow her to say goodbye to their three children.  Petitioner agreed and dragged her into the bathroom, before bringing the three children into see her.

At this point, the police broke into the apartment and petitioner hid the gun under the bathroom sink.  Petitioner came out of the bathroom and surrendered to the police. The police found the victim in a disheveled state.  The victim appeared to be crying and repeatedly told the police "He was going to kill me."  Police noticed linear marks across the victim's upper chest and her left arm.  Police found a pistol hidden in the bathroom. The 45 caliber handgun was loaded and there was a round in the chamber.  The police indicated that the gun appeared ready to fire.

Petitioner testified in his own behalf at trial.  Petitioner testified that he was living on and off at his sister's apartment at the time of the incident, but that he had moved out after the prior altercation with the victim.  Petitioner admitted arguing with the victim on the day in question, but denied threatening her with any weapons.

2

Officer Kevin Bluew testified as a rebuttal witness for the prosecution. Officer

Bluew testified that after petitioner was transported to the hospital for medical treatment,

Bluew overheard petitioner inform medical personnel that he entered the victim's

apartment through a rear door and began yelling at her after he heard her talking to her

boyfriend over the telephone. Petitioner told the personnel that the next thing that he

could recall was the police knocking on the door. Petitioner indicated that he removed a

gun from beneath the bathroom sink. Petitioner told the personnel that he had thought

about fleeing or shooting it out with the police.

Petitioner's conviction was affirmed on appeal. *People v. Bates,* No. 244414

(Mich.Ct.App. February 17, 2004); *lv. den.* 471 Mich. 886; 688 N.W. 2d 502 (2004).

Petitioner then filed a post-conviction motion for relief from judgment, which was denied.

*People v. Bates*, No. 02-01045-FC (Saginaw County Circuit Court, March 22, 2006).

The Michigan appellate courts denied leave to appeal. *People v. Bates*, No. 269782

(Mich.Ct.App. October 26, 2006); *lv. den.* 477 Mich. 982; 725 N.W. 2d 343 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following

grounds:

> I. PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHERE COUNSEL FAILED TO SUBPOENA WITNESSES, OBJECT TO ERRORS DURING TRIAL, FAILED TO MOVE FOR A MISTRIAL, AND FAILED TO SUBJECT THE PROSECUTOR'S CASE TO ADVERSARIAL TESTING, WHICH AMOUNTED TO A DENIAL OF PETITIONER'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, A FAIR TRIAL, AND EFFECTIVE ASSISTANCE OF COUNSEL.
>
> II. THE PETITIONER WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW WHEN THE PROSECUTION MISREPRESENTED THE FACTS, IMPROPERLY VOUCHED FOR THE CREDIBILITY OF PROSECUTION WITNESSES BY CALLING THE PETITIONER A LIAR, AND ASKED THE JURY TO CONVICT ON CHARGES THAT WERE NOT PART OF THE

TRIAL AT ISSUE, IN VIOLATION OF THE PETITIONER'S CONSTITUTIONAL RIGHTS.

III. THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, WHERE HIS APPELLATE COUNSEL FAILED TO INSURE THAT PLEADINGS WERE FILED CORRECTLY IN THE PROPER COURT, WHICH RESULTED IN AN ADVERSE RULING ON PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

**A. Claims ## 1 and 3.  Petitioner was not deprived of the effective assistance of counsel.**

The Court will consolidate petitioner's first and third claims for judicial clarity.

Petitioner alleges that he was deprived of the effective assistance of trial and appellate

counsel. [1]

A. *Standard of Review*

To prevail on his ineffective assistance of counsel claims, petitioner must show

that the state court's conclusion regarding these claims was contrary to, or an

unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See*

*Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  *Strickland* established

a two-prong test for claims of ineffective assistance of counsel: the petitioner must

show (1) that counsel's performance was deficient, and (2) that the deficient

performance prejudiced the defense. *Strickland,* 466 U.S. at 687.  The *Strickland*

standard applies as well to claims of ineffective assistance of appellate counsel. *See*

*Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

B. *The individual claims.*

1. The constructive denial of counsel.

---

[1]  Respondent contends that petitioner's ineffective assistance of trial counsel claims are procedurally defaulted, because he failed to properly preserve the claim in the state courts by filing a timely motion to remand for an evidentiary hearing with the Michigan Court of Appeals.  "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  Because petitioner's claims are without merit, the Court does not need to resolve the procedural default issue, but will address the merits of the claims instead. *See Coy v. Renico,* 414 F. Supp. 2d 744, 764, n. 5. (E.D. Mich. 2006).

Petitioner first appears to contend that he was constructively denied the assistance of counsel on the ground that his counsel failed to subject the prosecution's case to meaningful adversarial testing.

Where defense counsel entirely fails to subject the prosecution's case to "meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective assistance of counsel. *Moss v. Hofbauer,* 286 F. 3d 851, 860 (6th Cir. 2002)(*quoting United States v. Cronic,* 466 U.S. 648, 659 (1984)).

In this case, counsel's alleged errors did not rise to the level of the constructive denial of counsel, because counsel actively represented petitioner at his trial. *Moss,* 286 F. 3d at 860-62. Counsel cross-examined the victim at the preliminary examination. During jury selection, counsel registered a *Batson* objection, claiming that the prosecutor was peremptorily removing all of the African-Americans from the jury. [2] Counsel made detailed opening and closing statements to the jury, which presented the defense's theory. Counsel vigorously and extensively cross-examined the prosecution's witnesses. Counsel called petitioner and another defense witness to testify on petitioner's behalf. During closing argument, defense counsel objected to the prosecutor calling petitioner a liar. Petitioner's counsel also objected to the use of a standard jury instruction on home invasion and requested a special instruction because of the circumstances of this case. Defense counsel also objected to the giving of instructions on lesser included offenses.

---

[2] *Batson v. Kentucky,* 476 U.S. 79 (1986).

The *Cronic* presumption "applies only where defense counsel completely or entirely fails to oppose the prosecution throughout the guilt or penalty phase as a whole." *Benge v. Johnson*, 474 F. 3d 236, 247 (6ᵗʰ Cir. 2007)(citing *Bell v. Cone*, 535 U.S. 685, 697 (2002)). In the present case, counsel's alleged failures do not amount to a complete failure to provide a defense. The presumption of prejudice therefore does not apply and petitioner would be required to show that he was actually prejudiced by counsel's alleged omissions in order to obtain habeas relief. *Id.*

2. The failure to call witnesses.

Petitioner next claims that his defense counsel was ineffective for failing to call two witnesses on his behalf.

Petitioner first claims that his defense counsel was ineffective for failing to call his sister, Anise Bates, to testify that petitioner was living at her residence at the time of the crime, in order to exonerate him of the home invasion charge.

M.C.L.A. 750.110a(2) states that:

A person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.
(b) Another person is lawfully present in the dwelling.

Michigan's first-degree home invasion statute includes all of the elements of the burglary of a dwelling, but also requires that the defendant be armed with a dangerous weapon and/or that the dwelling be occupied. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004)(citing *United States v. Garcia-Serrano,* 107 Fed. Appx.

7

495, 496-97 (6th Cir. 2004)).  The term "without permission" is defined by Michigan law as "without having obtained permission to enter from the owner or lessee of the dwelling or from any other person lawfully in possession or control of the dwelling." M.C.L.A. 750.110a(1)(c).

Petitioner claims that his sister's testimony would have established that he was living at her residence and therefore had permission to enter it at the time of the crime, thus negating the elements of first-degree home invasion.

What petitioner neglects to indicate is that the victim in this case had obtained a personal protection order (P.P.O.) against petitioner prior to this incident.  When a P.P.O. is obtained against a defendant, he or she loses the right to go to their house if the person who obtained the P.P.O. is living there and can therefore be convicted of home invasion or breaking and entering an occupied dwelling. *See People v. Szpara,* 196 Mich. App 270, 272-274; 492 NW2d 804 (1992)(where court order had been entered in divorce proceedings prohibiting defendant from entering marital home, entry by defendant could form basis for charge of breaking and entering as defendant had lost right to enter home as result of court order); *See also People v. Shattuck,* No. 2005 WL 50128, * 1 (Mich.Ct.App. January 11, 2005)(because P.P.O. had been entered against defendant, he could not raise claim of right defense in first-degree home invasion prosecution).

To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that the witness's testimony would probably have changed the outcome of the trial. *Hadley v. Groose*, 97 F. 3d 1131, 1135 (8th Cir. 1996).  A defense counsel has no obligation to call or even

interview a witness whose testimony would not have exculpated the defendant. *Millender v. Adams*, 187 F. Supp. 2d 852, 877 (E.D. Mich. 2002).  In light of the fact that petitioner's wife had obtained a personal protection order against petitioner prior to the incident in question, petitioner had no right to reside at his sister's residence and could therefore have been convicted under Michigan law of first-degree home invasion. Any testimony from his sister that petitioner had lived at her residence would not have exculpated him of this crime.  Moreover, petitioner himself admitted at trial that he had moved out of his sister's residence after the first altercation with the victim. Petitioner was therefore not prejudiced by counsel's failure to call Anise Bates to testify for the defense.

Petitioner next claims that his defense counsel should have called his son, Savage Bates, who had been present at the house at the time of the assault. Petitioner claims that had his son been called to testify, "there is a high probability that mitigating evidence could have been produced" and that he might not have been convicted of assault with intent to murder.  Petitioner, however, has failed to present an affidavit from his son concerning the precise nature of his testimony nor has petitioner otherwise indicated the information that his son would provide if he had been called to testify.

To present an ineffective assistance of counsel claim based on a failure to call a witness, a defendant must make an affirmative showing as to what the missing evidence would have been and prove that the witness' testimony would have produced a different result. *Malcum v. Burt,* 276 Supp. 2d 664, 679 (E.D. Mich. 2003)(internal citation omitted).  Petitioner has failed to show the substance of what his son's

proposed testimony would have been at the trial.  Without some showing of his

proposed testimony, this Court is unable to determine whether trial counsel's failure to

investigate or to call petitioner's son as a defense witness was either a professional

lapse or a strategic or tactical choice. *Id.*  The Court is also unable, in the absence of a

showing as to what the son's trial testimony would have been, to determine whether

petitioner was prejudiced by the failure of trial counsel to call him as a witness. *Malcum*

*v. Burt,* 276 F. Supp. 2d at 679.  In this case, trial counsel's failure to present

petitioner's son as a defense witness does not amount to the ineffective assistance of

counsel, because petitioner has failed specify the content of his testimony. *Dell v.*

*Straub,* 194 F. Supp. 2d 629, 650 (E.D. Mich. 2002).  Petitioner's vague and

speculative allegations that trial counsel was ineffective for failing to investigate this

witness does not entitle him to habeas relief. *Id.*

3.  Failure to move for a mistrial.

Petitioner next claims that his trial counsel was ineffective for failing to move for

a mistrial after his daughter, Amari Bates, acknowledged on cross-examination that her

mother told her what to say before she testified.  Petitioner claims that this shows that

his daughter's testimony was "coached", which he claims would have entitled him to a

mistrial.

The general rule in federal courts is that any improper coaching of a witness

goes to the weight of that witness's testimony, not its admissibility. *See e.g. U.S. v.*

*Fearon-Hales,* 224 Fed. Appx. 109, 112 (2nd Cir. 2007); *cert. den.* 128 S. Ct. 328

(2007).  The U.S. Supreme Court, in fact, has observed that an attorney "is not without

weapons to cope with 'coached' witnesses." *Geders v. United States*, 425 U.S. 80, 89

(1976). "Skillful cross-examination could develop a record which the [attorney] in closing argument might well exploit by raising questions as to the [witness's] credibility," if it developed that the witness had been coached. *Id.* at 89-90. Michigan law appears to be in accord on this matter. *See People v. Ward,* No. 2005 WL 1123881, * 2 (Mich.Ct.App. May 12, 2005)(whether the child victim's testimony was improperly influenced impacts on credibility, not competency to testify).

In the present case, defense counsel was able to elicit testimony from petitioner's daughter that her mother told her what to say prior to her taking the stand, although the prosecutor elicited testimony from petitioner's daughter on redirect that her mother advised her to tell the truth. Whether petitioner's daughter's testimony was improperly influenced by her mother went to its weight, not admissibility. Petitioner has therefore failed to show that there was any legal basis for his counsel to request a mistrial after learning that the daughter's testimony may have been "coached." In light of the fact that petitioner has failed to show that there was any basis for his counsel to move for a mistrial, petitioner has failed to show that his counsel was ineffective for failing to move for a mistrial. *See Rockwell v. Palmer,* 559 F. Supp. 2d 817, 834 (W.D. Mich. 2008)(counsel's failure to make a frivolous motion for a mistrial was not ineffective).

4. The ineffective assistance of appellate counsel claim*.*

Petitioner lastly claims that appellate counsel was ineffective for failing to properly preserve his ineffective assistance of trial counsel claims in the state courts, first, by failing to file a timely motion to remand for an evidentiary hearing in the

11

Michigan Court of Appeals, and secondly, by failing to articulate the individual allegations of ineffective assistance of counsel in his brief on appeal.

In this case, the Court has determined that none of petitioner's ineffective assistance of trial counsel claims have any merit. Accordingly, appellate counsel was not ineffective in failing to properly preserve the ineffective assistance of trial counsel claims in petitioner's appeal of right. *See Alexander v. Smith,* 342 F. Supp. 2d 677, 685 (E.D. Mich. 2004). In addition, petitioner is unable to show that he was prejudiced by appellate counsel's failure to properly preserve these claims, in light of the fact that these same ineffective assistance of trial counsel claims were presented to the Michigan trial and appellate courts on petitioner's post-conviction motion for relief from judgment and rejected by them. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Johnson,* 344 F. Supp. 2d at 1096; *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000). The state courts' rulings on petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise these claims in petitioner's appeal of right did not cause him any injury. *Bair,* 106 F. Supp. 2d at 943 (citing *Gardner v. Ponte*, 817 F. 2d 183, 189 (1st Cir. 1987)). In this case, there is no point in remanding this case to the state courts to reconsider a case that they have already adversely decided. *Gardner*, 817 F. 2d at 189. Petitioner is not entitled to habeas relief on his first and third claims.

### B. Claim # 2. Petitioner was not deprived of a fair trial because of prosecutorial misconduct.

Petitioner next contends that he was deprived of a fair trial because of

prosecutorial misconduct.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor.  On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-1356 (6th Cir. 1993).  Because this case is a habeas case and is not a direct appeal, the inquiry into this issue is less stringent. *Millender*, 187 F. Supp. 2d at 875.  When analyzing a claim of prosecutorial misconduct, a court must initially decide whether the challenged statements were improper. *Boyle v. Million*, 201 F. 3d 711, 717 (6th Cir. 2000).  If the conduct is improper, the district court must then examine whether the statements or remarks are so flagrant as to constitute a denial of due process and warrant granting a writ. *Id.*  In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Serra,* 4 F. 3d at 1355-56.

Petitioner's main contention is that the prosecutor committed misconduct by calling petitioner a liar in his closing argument.

If a defendant testifies, a prosecutor may attack his credibility to the same extent as any other witness. *See United States v. Francis,* 170 F. 3d 546, 551 (6th Cir. 1999). A prosecutor may argue that a defendant is lying during her closing argument "when

13

emphasizing discrepancies between the evidence and that defendant's testimony." *Id.*

To avoid any impropriety, however, the prosecutor's comments must "reflect

reasonable inferences from the evidence adduced at trial." *Id.* (internal quotation

omitted).

In the present case, the prosecutor's comments about petitioner being a liar

were made when the prosecutor was comparing petitioner's testimony with the

testimony of the other witnesses. The prosecutor's remarks reflect reasonable

inferences from evidence adduced at trial, and thus it was not improper for the

prosecutor to suggest that petitioner was lying. *See United States v. Johnson,* 169 Fed.

Appx. 946, 950 (6th Cir. 2006).

Petitioner further claims that the prosecutor improperly mentioned petitioner's

prior assaultive behavior against his wife, including pending assault charges for which

petitioner had not yet been convicted. [3]

In deciding whether prosecutorial misconduct mandates that habeas relief be

granted, a federal court must apply the harmless error standard. *Pritchett v. Pitcher*,

117 F. 3d 959, 964 (6th Cir. 1997). Where a prosecutor's conduct does not have a

substantial or injurious effect on the outcome of the trial, habeas relief should be

denied. *See Maurino v. Johnson*, 210 F. 3d 638, 644 (6th Cir. 2000).

In the present case, assuming that it was improper for the prosecutor to bring up

---

[3] Respondent contends that petitioner's second and third prosecutorial misconduct claims are procedurally defaulted, because petitioner only raised these claims in his post-conviction motion and failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for neglecting to raise them on his direct appeal. Because petitioner's remaining prosecutorial misconduct claims are without merit, the Court does not need to resolve the procedural default issue, but will address the merits of the claims instead. *See Coy v. Renico,* 414 F. Supp. 2d at 764, n. 5.

petitioner's prior assaultive behavior against his wife, petitioner is unable to show that these comments had a substantial or injurious influence on the jurors. In addition to the victim's testimony, the police testified that they arrested petitioner at the scene. The victim immediately told the police that petitioner "was going to kill me." The victim appeared disheveled and police noticed linear marks across the victim's upper chest and her left arm, all of which supported her testimony that she had been assaulted by petitioner. The police recovered a .45 caliber loaded handgun from the bathroom where petitioner had been hiding. The round in the gun's chamber was ready to fire. In addition, Officer Bluew overheard petitioner telling personnel at the hospital that he had removed a gun from beneath the bathroom sink and had thought about fleeing or shooting it out with the police.

In light of the strong evidence of petitioner's guilt in this case, the prosecutor's comments in his closing arguments regarding petitioner's prior bad acts in terms of his prior assaultive conduct did not rise to the level of reversible prosecutorial misconduct. *See Cristini v. McKee,* 526 F. 3d 888, 900 (6th Cir. 2008).

As a related claim, petitioner contends that the prosecutor commented on evidence that was not part of the trial. Petitioner points to several comments by the prosecutor, in which the prosecutor argued that petitioner "wanted to exercise power and control over a possession of his. He's done that before," and that "this case is nothing but the defendant exercising power over a possession of his–his wife." Petitioner also points again to the fact that the prosecutor mentioned petitioner's prior 1999 domestic assault conviction against his wife, as well as the pending assault charges.

It is improper for a prosecutor during closing arguments to bring to the jury any purported facts which have not been introduced into evidence and which are prejudicial; however, prosecutors must be given leeway to argue reasonable inferences from the evidence. *Byrd v. Collins*, 209 F. 3d 486, 535 (6th Cir. 2000).

The prosecutor's comments regarding petitioner's exercising dominion or control over his wife amounted to a rhetorical remark, which is not improper within the broad scope of a closing argument. *See United States v. Green,* 305 F. 3d 422, 430 (6th Cir. 2002). The prosecutor's rhetorical remarks that petitioner wanted to exercise control over his wife were not flagrant or misleading but simply asked the jurors to make a common-sense inference from the evidence presented. *See U.S. v. Smith,* 89 Fed. Appx. 494, 497-98 (6th Cir. 2004).

In addition, the victim testified at trial concerning petitioner's assaultive behavior, therefore, petitioner is unable to establish that the prosecutor injected matters not of record when he mentioned petitioner's assaultive history in his closing arguments.

In any event, petitioner is not entitled to habeas relief on his claim that the prosecutor made remarks that were based upon purported facts that were not introduced into evidence, because the remarks were isolated and the evidence against petitioner in this case was strong. *See Macias v. Makowski,* 291 F. 3d 447, 453-54 (6th Cir. 2002); *Byrd,* 209 F. 3d at 536. Petitioner is not entitled to relief on his second claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender,* 187 F. Supp. 2d at 880. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED***.*

s/Gerald E. Rosen
United States District Judge

17

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager